Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGH-
LIN, ANDREWS and LEHMAN, JJ. Absent: CRANE, J.

---

In the Matter of the Accounting of ADA C. STURR, as
Trustee under the Will of CATHERINE WILLIAMS,
Deceased.

MORRISON TAYLOR, Individually and as Executor of
ALBERTA L. TAYLOR, Deceased, Respondent; ADA C.
STURR, Individually and as Trustee, Appellant.

*Will — trust — death of remainderman after death of testatrix but before
death of life beneficiary — when interest in estate not defeated thereby.*

*Matter of Williams (Sturr)*, 209 App. Div. 905, affirmed.

(Argued November 24, 1924; decided December 9, 1924.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the second judicial department, entered
June 25, 1924, which modified and affirmed as modified
a decree of the Orange County Surrogate's Court settling
the accounts of Ada C. Sturr, as trustee under the will
of Catherine Williams, deceased, and directing distribu-
tion thereof. Respondent's testatrix, Alberta L. Taylor,
before her marriage was Alberta L. Sturr and a sister of
Ada C. Sturr. Their father, George W. Sturr, was the
life beneficiary of the trusts referred to in the fifteenth
and twenty-third numbered clauses of the will of Catherine
Williams, deceased. Both daughters of George W. Sturr
were living at the time of the execution of the will and
at the death of Catherine Williams. George W. Sturr
had no other children, either before or after the death
of Catherine Williams. While Alberta L. Taylor survived
the testatrix, she failed to survive her father, the life
beneficiary of the trusts in question, and the question
was whether or not under the terms of the will her death
before that of her father operated to defeat her interest
in these trusts.

*Joseph W. Gott* for appellant.
*Elbert N. Oakes* for respondent.

Order affirmed, with costs payable out of the fund; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGH-LIN, ANDREWS and LEHMAN, JJ. Absent: CRANE, J.

---

In the Matter of the Will of MARIETTE L. BARNEY, Deceased.

SARAH DURAND, Appellant; FRANK P. WOLFE, as Administrator with the Will Annexed of the Estate of MARIETTE L. BARNEY, Deceased, et al., Respondents.

*Will — definite gift to son — when not cut down by subsequent clause expressing desire of testatrix as to manner of disposal of remainder of property upon son's death without children.*

*Matter of Barney (Will),* 207 App. Div. 25, affirmed.

(Argued November 25, 1924; decided December 9, 1924.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 13, 1923, which reversed a decree of the Chautauqua County Surrogate's Court construing the will of Mariette L. Barney, deceased. Testatrix, by the second clause of her will gave all of her property both real and personal to her son. A subsequent clause reads: " *Third.* I desire that my son shall observe the following requests: To remember Frank P. Wolfe for his kindness to us with a small sum and when wanting advice to go to him; that he remember Joseph Breads, Mrs. Henry Witt of Dunkirk, N. Y., and Mr. and Mrs. Bert Bentley; that if my son dies without children then I desire that the property which came to me on the Griswold side, if any is left, be given to Myrtie Eldridge and her children (she being a niece of Mrs. Ursula Griswold Durand Turner) and that the property which came to me on the Durand side to be given to Sarah Durand. I desire my son to do as he wishes with the property in his lifetime and to follow these requests in the disposition of the remainder of those properties." The surrogate held that by this clause the absolute gift to the son contained in the second paragraph was cut down to a life estate, with